UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
RAFAEL ALEJANDRO LIRIANO URENA, et al. :
*individually and on behalf of others similarly situated*,
                              :
              Plaintiff,                     ORDER

                              :       20 Civ. 3751 (GBD) (GWG)

   -v.-                           :

0325 TUTA CORP. d/b/a LA GRAN      :
ANTILLANA, et al.,

                              :

             Defendants.
-------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

      Background

      Plaintiffs Rafael Alejandro Liriano Urena, Charlie Uverea, and Abisai Nava brought this action against defendants seeking unpaid wages under the New York Labor Law §§ 190 et seq. and the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. See First Amended Complaint, filed Feb. 19, 2021 (Docket # 47). The plaintiffs were granted a default judgment against the defendants, the case was referred for an inquest, and on September 16, 2022, the undersigned issued a Report and Recommendation recommending a judgment against all defendants except for Miyiera "Doe." See Urena v. 0325 Tuta Corp., 2022 WL 4284879 (S.D.N.Y. Sept. 16, 2022) ("Default R&R").

      As part of the briefing on the inquest, Urena's counsel submitted an application for attorneys' fees along with a set of billing records. See Proposed Findings of Fact and Conclusions of Law, filed Apr. 8, 2022 (Docket # 82) ("Proposed Findings"); Attorneys' Fees and Costs Report, annexed as Exhibit Q to Proposed Findings (Docket # 82-17) ("Billing Record"). The Court recommended that the application be denied in light of the absence of "any sworn statement attesting to the number of hours and the fact that they derive from contemporaneously made time records." Default R&R at 17. Counsel then sought, and was granted, leave to file a supplemental application for attorneys' fees. See Letter from William K. Oates, filed Sept. 27, 2022 (Docket # 90); Order, dated September 29, 2022. (Docket # 91).

      On October 5, 2022, counsel filed a declaration attesting that "with respect to the . . . attorneys and paralegals who performed legal services and recorded their time in this case, it was our predecessor firm's practice, as [it] is [ours], for attorneys and paralegals to record their time accurately and not in a random manner." Declaration of William K. Oates in Support of Supplemental Application for Attorneys' Fees, Oct. 5, 2022 (Docket # 92), ¶ 8. No other information was provided as to the nature of the recording of the time entries or whether they were contemporaneously made.

On October 17, 2022, the Court issued an order noting that counsel's declaration did not "state when the individual entries were created in relation to the tasks that were performed on the case," and thus "the Court [could not] find that the records submitted [were] contemporaneous time records. Order, dated Oct. 17, 2022 (Docket # 93). The Court gave counsel leave to file another affidavit addressing the issue. Id.

On October 21, 2022, attorney William K. Oates filed an affidavit stating that his own time entries were "accurate and contemporaneous time records for work that [he] performed in prosecuting this action." Second Declaration of William K. Oates in Support of Supplemental Application for Attorneys' Fees ¶ 4, filed Oct. 21, 2022 (Docket # 94) ("Second Oates Decl.). As to the remaining entries relating to Michael Faillace, Joshua Androphy, Daniel Tannenbaum, and the firm's paralegals, counsel stated that "it was our predecessor's firm's practice, as [it] is [ours], for attorneys and paralegals to record their time accurately and contemporaneously, on a daily or weekly basis, to ensure that all time was and is properly recorded and accounted for." Id. ¶ 8.

Discussion

Case law is clear that "applications for attorney's fees . . . should normally be disallowed unless accompanied by contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done." New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983). While there are limited exceptions to this rule, "absent unusual circumstances, attorneys are required to submit contemporaneous records with their fee applications." Scott v. City of New York, 626 F.3d 130, 133 (2d Cir. 2010); accord McGlynn v. Towers Investors.com, Inc., 2021 WL 1777758, at *7 (S.D.N.Y. May 5, 2021).

A time record is contemporaneous if it was made "as the work was completed." Cruz v. Local Union No. 3 of Int'l Broth of Elec. Workers, 34 F.3d 1148, 1160 (2d Cir. 1994) (emphasis added); accord Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Northe Group, 2022 WL 2125482, at *4 (S.D.N.Y. June 13, 2022). Thus, a fee applicant must prove that the entries on which any compilation of records is based were "prepared at or near the time of work performed." Rivera v. Hudson Valley Hosp. Group, Inc., 2019 WL 3955539, at *5 (S.D.N.Y. Aug 22, 2019) (emphasis added).

Here, counsel's declaration fails to meet this standard and instead states that some unknown portion of the time entries were compiled on a "weekly basis." Oates Decl. ¶ 8. This plainly does not align with the requirement that a time entry be prepared "as the work was completed." Cruz, 34 F.3d at 1160.[1] It would be one thing if there were occasional lapses that

---

[1] Oates states that his own entries are "contemporaneous." Second Oates Decl. ¶ 4. While such a statement might normally be sufficient to indicate the legal requirement is met, it is not in this case. First, the Court specifically noted the failure to specify "when" the entries were created in relation to the tasks performed. Order, dated Oct. 17, 2022 (Docket # 93). In light of

required reconstruction of time entries a week letter.  But this is not proper as a regular practice – particularly for a law firm that handles a large number of cases subject to the contemporaneous-entry requirement and where the entries are spread out over a two-year period.  See id.

Separately, counsel's affidavit is deficient because it gives no information as to why counsel has personal knowledge of the particular time-recording practices of the other attorneys who have sought reimbursement for hours in this case.

The Second Circuit has explained that the requirement for contemporaneous time records is "a strict rule from which attorneys may deviate only in the rarest of cases." Scott, 626 F.3d at 133.  Although deviation from this rule may be appropriate in rare circumstances, the Second Circuit has instructed that "the circumstances justifying such an exception would have to be found by the awarding court and laid out in sufficient detail to permit review of the justification on appeal."  Id. at 134.

Here, counsel has offered no explanation of why an exception is appropriate here.  Moreover, the firm with which Urena's counsel is associated routinely litigates wage and hour cases, and counsel has represented that the attorneys working on this case collectively have several decades of labor and employment experience.  See Proposed Findings ¶ 69.  To not require truly contemporaneous records from a firm with such extensive involvement in the field risks that "[a]n award of fees in this case would reward conduct that violates law that has been settled for decades." Kottwitz v. Colvin, 114 F. Supp. 3d 145, 151 (S.D.N.Y. 2015).  The Court has twice granted counsel leave to indicate that time entries were properly made.  Because the record does not show that the attorneys created the time entries "at or near the time of work performed," we do not amend the Report and Recommendation with respect to its conclusion that attorney's fees should not be awarded.

---

the need to clarify, the characterization of the entries as "contemporaneous" is conclusory.  Second, Oates makes clear that he believes that entries compiled on a "weekly" basis, which he admits occurred in the case of his colleagues, themselves qualify as "contemporaneous[]," see id. ¶ 8, and thus Oates's use of the term "contemporaneous" as to his own entries cannot be construed to mean the entries were prepared as the work was performed.

Conclusion

For the foregoing reasons, the Report and Recommendation of September 16, 2022, will not be amended. The deadline to file objections to the Report and Recommendation is extended to November 8, 2022. Any request for an extension of this deadline must be presented to Judge Daniels.

SO ORDERED

Dated: October 25, 2022
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge