**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

RAFAEL ALEJANDRO LIRIANO URENA, *individually*    :
*and on behalf of others similarly situated*, CHARLIE    :
UVEREA, *individually and on behalf of others similarly*    :
*situated*, ABISAI NAVA, *individually and on behalf of*    :
*others similarly situated,*
                                                                                      :
                                                Plaintiffs,    :
                                                                                      :
                           -against-                               :
                                                                                      :
0325 TUTA CORP. d/b/a LA GRAN ANTILLANA,    :
CALIFORNIA MARKET CORP., PABLO RAUL    :
PUGUERO, ANDY PEGUERO, and MIYIERA DOE,    :
                                                                                      :
                                                Defendants.    :
                                                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

20 Civ. 3751 (GBD)

GEORGE B. DANIELS, United States District Judge:

Plaintiffs Rafael Alejandro Liriano Urena, Charlie Uverea, and Abisai Nava brought this

action against Defendants 0325 Tuta Corp. d/b/a/ La Gran Antillana ("0325 Tuta"), California

Market Corp. ("California Market"), Raul Pegero, Andy Pegero, and Miyiera "Doe," seeking

unpaid wages under the New York Labor Law §§ 190 *et seq*. and the Fair Labor Standards Act,

29 U.S.C. §§ 201 *et seq*. (First Amended Complaint, ECF No. 47.) On February 24, 2022, this

Court awarded Plaintiffs default judgments against all Defendants except "Miyiera Doe." (ECF

No. 80). This Court then referred this matter to Magistrate Judge Gabriel W. Gorenstein for an

inquest on damages "and for a determination of whether default may be entered upon Miyiera Doe

pursuant to Federal Rule of Civil Procedure 55." (*Id.*)

Before this Court is Magistrate Judge Gorenstein's September 16, 2022 Report and

Recommendation (the "Report"), recommending that this Court award damages as follows:

- To Plaintiff Urena: $695.60 in unpaid minimum wages; $67,631.40 in unpaid overtime;
  $6,972.00 in unpaid spread of hours; $75,299.00 in liquidated damages; $10,000 in

1

statutory damages for notice and wage statement violations; and interest at a rate of $18.57 per day from February 27, 2019, and continuing until the date judgment is entered on his unpaid wages. The total amount due before the interest calculation is $160,458.00.

- To Plaintiff Uverea: $14,326.77 in unpaid overtime; $225.00 in unpaid spread of hours; $14,551.77 in liquidated damages; $10,000 in statutory damages for notice and wage statement violations; and interest at a rate of $3.59 per day from April 26, 2020, and continuing 19 until the date judgment is entered on his unpaid wages. The total amount due before the interest calculation is $39,103.54.

- To Plaintiff Nava: $2,645.58 in unpaid minimum wages; $578.10 in unpaid overtime; $3,223.68 in liquidated damages; $10,000 in statutory damages for notice and wage statement violations; and interest at a rate of $0.80 per day from September 9, 2020, and continuing until the date judgment is entered on her unpaid wages. The total amount due before the interest calculation is $16,447.36.

(Report, ECF No. 88, at 18–19.) Magistrate Judge Gorenstein also recommended that this Court award Plaintiffs $1,494 in costs but deny Plaintiffs' request for attorneys' fees for Plaintiffs' failure to furnish evidence that their request for fees is accurate and based on time records contemporaneously made, as required by law.[1] (*Id.* at 17–18.) Finally, Magistrate Judge Gorenstein recommended that Miyiera Doe be dismissed as a defendant for Plaintiffs' failure to properly identify and serve her, the time for which to do so having now expired. (Report at 7 (citing Fed. R. Civ. Proc. 4(m).) Magistrate Judge Gorenstein advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 20.) Plaintiff filed objections to the Report's recommendation on attorneys' fees on November 8, 2022. (ECF No. 96.)

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court

---

[1] This Court permitted Plaintiffs to submit an amended application for fees, and on October 5, 2022 and October 21, 2022, Plaintiffs' counsel filed two additional affidavits. (ECF Nos. 92 and 94.) Magistrate Judge Gorenstein found Plaintiffs' supplemental submissions equally deficient and declined to amend his Report to recommend an award of attorneys' fees. (ECF No. 95.)

must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* The court, however, need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Rather, it is sufficient that the court "arrive at its own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted). Those portions of a magistrate judge's report to which no objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). "In clear error review, a court should reverse a finding only if it is 'left with the definite and firm conviction that a mistake has been committed,' and not merely if it 'would have decided the case differently.'" *Hernandez v. City of New York*, No. 11 Civ. 6644 (KPF) (DF), 2015 WL 321830, at \*2 (S.D.N.Y. Jan. 23, 2015) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

Addressing Plaintiffs' objections to the denial of their fees application, this Court finds that Plaintiffs failed to adequately support that application. It is well-established that "applications for attorney's fees . . . should normally be disallowed unless accompanied by contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1154 (2d Cir. 1983). A time record is contemporaneous if it was made "as the work was completed." *Cruz v. Local Union No. 3 of Int'l Broth of Elec. Workers*, 34 F.3d 1148, 1160 (2d Cir. 1994). Plaintiffs' two supplementary declarations lack any sworn statement that the time entries were made "as the work was completed" and, as such, fall short of this standard. In their objections to the Report, Plaintiffs include, for the first time, a declaration stating that the time entries for one attorney, William Oates, were recorded "as soon as practicable." (ECF No. 96 ¶ 3.) Plaintiffs had at least three opportunities to bring such evidence before the Court, including twice after Magistrate Judge

Gorenstein alerted them to the deficiencies in their application. Given their failure to timely remedy their application, this Court declines to break this Circuit's general prohibition against considering new evidence set forth in objections to a report and recommendation. *See Tavares v. City of New York*, No. 08 Civ. 3782 (PAE), 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011) ("[c]ourts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation"). In any event, the new declaration still fails to provide evidence supporting the time entries of attorneys other than Oates. Plaintiffs' application for attorneys' fees is denied.

With respect to the remaining damages, Magistrate Judge Gorenstein conducted a comprehensive and careful inquest. This Court finds no error, clear or otherwise, in the Report's analysis. Accordingly, Magistrate Judge Gorenstein's recommended judgment regarding damages and costs is ADOPTED for the reasons stated in the Report.

Final judgment shall be entered ordering Defendants 0325 Tuta, California Market, Pablo Peguero, and Andy Peguero to pay: (1) Plaintiff Urena $695.60 in unpaid minimum wages; $67,631.40 in unpaid overtime; $6,972.00 in unpaid spread of hours; $75,299.00 in liquidated damages; $10,000 in statutory damages; and interest at a rate of $18.57 per day from February 27, 2019 and continuing until the date judgment is entered on his unpaid wages; (2); Plaintiff Uverea $14,326.77 in unpaid overtime; $225.00 in unpaid spread of hours; $14,551.77 in liquidated damages; $10,000 in statutory damages; and interest at a rate of $3.59 per day from April 26, 2020 and continuing until the date judgment is entered on his unpaid wages; and (3) Plaintiff Nava $2,645.58 in unpaid minimum wages; $578.10 in unpaid overtime; $3,223.68 in liquidated damages; $10,000 in statutory damages; and interest at a rate of $0.80 per day from September 9,

2020 and continuing until the date judgment is entered on her unpaid wages. Defendants are also ordered to pay Plaintiffs' costs in the amount of $1,494.

This Court further adopts Magistrate Judge Gorenstein's recommendation that, pursuant to N.Y. Lab. Law § 198(4), if any amount of Plaintiff's judgment remains unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of the judgment shall automatically increase by fifteen percent.

This action is dismissed as to Defendant "Miyiera Doe."

The Clerk of Court is directed to enter judgment and close this action.


Dated:  November 28, 2022
         New York, New York

                                              SO ORDERED.

                                              GEORGE B. DANIELS
                                              United States District Judge